# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

TRACY SHERMAN,

    Plaintiff,

vs.                                          CASE NO. CV-08-J-1624-S

FARMERS INSURANCE EXCHANGE,
and MID-CENTURY INSURANCE
COMPANY, who are also known as
FARMERS INSURANCE GROUP OF
COMPANIES,

    Defendants.

## **MEMORANDUM OPINION**

Pending before the court are cross-motions for summary judgment. Plaintiff filed a motion for summary judgment, a brief, and evidence in support thereof (doc. 27). Defendants filed a motion for summary judgment and brief (doc. 28) and evidentiary submissions in support of summary judgment (doc. 29). Plaintiff filed a response (doc. 33), and defendants filed a response (doc. 30). Plaintiff filed a reply (doc. 34), and defendants filed a reply (doc. 35) with evidentiary submissions (doc. 36).

Having considered all the pleadings and submissions, the court concludes that defendants' motion for summary judgment is due to be granted as no genuine issues of material fact remain and defendants are entitled to a judgment in their favor as a

matter of law.

## I. Procedural History

Plaintiff Tracy Sherman ("Sherman") filed a complaint (doc. 1) against Farmers Insurance Exchange and Mid-Century Insurance Company, who are also known as Farmers Insurance Group of Companies ("Mid-Century"), seeking a declaratory judgment that the automobile insurance policy issued by Mid-Century provides coverage to Sherman. Sherman filed an amended complaint (doc. 19) to correct the defendants' names.[1]

## II. Factual Background

Mid-Century issued an automobile insurance policy to Chavis Bauer. Duffy Decl., Exhibit 1 to Defendants' Summary Judgment. The policy was numbered 50-16254-83-92 and was effective from December 17, 2003, until May 18, 2004. Policy, Declarations Page, Exhibit 1 to Defendants' Summary Judgment. On January 17, 2004, Michael Worcester was operating a 2000 Chevrolet Metro when he collided with another vehicle. Sherman Decl., Exhibit A to Plaintiff's Summary Judgment. Bauer was the owner of the 2000 Chevrolet Metro. Bauer Decl., ¶ 2, Exhibit 3 to

---

[1] Although Sherman named Farmers Insurance Exchange, also known as Farmers Insurance Group of Companies, as the defendant, Mid-Century actually issued the insurance policy at issue, and Sherman has corrected the error. Defendants' Response to Plaintiff's Summary Judgment at 1 n.1.

Defendants' Reply. Bauer had loaned the 2000 Chevrolet Metro to his sister, Brandy Johnson, around October or November of 2002. Bauer Decl., ¶ 3, Exhibit 3 to Defendants' Reply. Johnson, the girlfriend of Worcester, loaned the vehicle to Worcester on the date of the accident. Duett Decl., Brandy Johnson Interview, Exhibit 3 to Defendants' Summary Judgment. Plaintiff Sherman, a passenger in the vehicle operated by Worcester, was injured as a result of the accident. Sherman Decl., Exhibit A to Plaintiff's Summary Judgment.

On several occasions Bauer told Johnson that she was the only person who had permission to drive the vehicle. Bauer Decl. at ¶ 4. Bauer stated that he never loaned or entrusted the vehicle to Worcester, and he never gave Worcester permission to drive the 2000 Chevrolet Metro. *Id.* at ¶ 7. Johnson also stated that only she had permission to drive the vehicle, and Worcester did not have permission to drive from Bauer. Duett Decl., Brandy Johnson Interview, Exhibit 3 to Defendants' Summary Judgment. Worcester did not disagree, stating that Bauer did not give him permission to drive the 2000 Chevrolet Metro. Duett Decl., Michael Worcester Interview, Exhibit 3 to Defendants' Summary Judgment.

As a result of the accident, plaintiff Sherman sued Worcester, Johnson, and Bauer for conspiracy, misrepresentation, negligence, and wantonness. *Sherman v. Worcester,* 2:06-CV-100-VEH, Exhibit C to Plaintiff's Summary Judgment. Plaintiff

3

Sherman asserted a claim for negligent entrustment against Bauer and Johnson. *Id.* at 2-3. That court granted summary judgment in Bauer's favor on the issue of negligent entrustment, but also found that "Bauer entrusted the vehicle to Worcester by leaving the vehicle available and that Bauer had knowledge that Worcester was using the car prior to the date of the accident and Bauer failed to take reasonable steps to prevent Worcester's unauthorized use." *Id.* at 12. A jury verdict was rendered in favor of plaintiff Sherman and against Worcester and Johnson in the amount of $125,000. Plaintiff's Motion for Summary Judgment Brief at 5.

The Mid-Century policy addresses the issue of permissive use in the section delineating who qualifies as an "insured person." Policy, Endorsement Amending Definition of Insured Person Under Part I – Liability, Exhibit 1 to Defendants' Summary Judgment. The policy states that an "insured person" does not include "[a]ny person, including but not limited to a family member, who uses a vehicle without having sufficient reason to believe that the use is with the permission of the owner." *Id.*

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro.

56(e); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make credibility determinations, nor weigh the parties' evidence. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

In order to determine whether the Mid-Century policy at issue provides coverage to plaintiff Sherman, the court must decide whether Michael Worcester had "sufficient reason to believe" that he had Chavis Bauer's permission to use the 2000 Chevrolet Metro involved in the accident on January 17, 2004. Policy, Endorsement

Amending Definition of Insured Person Under Part I – Liability, Exhibit 1 to Defendants' Summary Judgment. If Worcester had this requisite belief as required by the Mid-Century policy, then he qualifies as an insured under the policy, and as a result, plaintiff Sherman may compel Mid-Century to pay the judgment under Alabama Code § 27-23-2 (1975).[2]

Having considered the evidence, it is clear that Worcester was not given permission to drive the 2000 Chevrolet Metro owned by Bauer. Chavis Bauer stated that he never loaned or entrusted the vehicle to Worcester, and he never gave Worcester permission to drive the 2000 Chevrolet Metro. Bauer Decl. ¶ 7, Exhibit 3 to Defendants' Reply. Both Johnson and Worcester corroborated this statement. Johnson stated that she was the only one who had permission to drive the vehicle, Duett Decl., Brandy Johnson Interview, Exhibit 3 to Defendants' Summary Judgment,

---

[2] Alabama Code § 27-23-2 provides that:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

and Worcester stated that he did not have permission from Bauer to drive the vehicle. Duett Decl., Michael Worcester Interview, Exhibit 3 to Defendants' Summary Judgment. Given these statements confirming an express denial of permission from Bauer to Worcester, the court finds that Worcester did not have a "sufficient reason to believe" that he had Bauer's permission to use the vehicle. Policy, Endorsement Amending Definition of Insured Person Under Part I – Liability, Exhibit 1 to Defendants' Summary Judgment.

Plaintiff Sherman, however, argues that the issue of whether Worcester had sufficient reason to believe that he had Bauer's permission to drive the vehicle was decided in the Summary Judgment Order of *Sherman v. Worcester*, 2:06-CV-100-VEH, Exhibit C to Plaintiff's Summary Judgment. Plaintiff Sherman asserts that the *Worcester* court's finding that Bauer entrusted the vehicle to Worcester by way of his knowledge of Worcester's use and failure to prevent such use should be applied as governing law in this decision through the principles of res judicata and collateral estoppel. Plaintiff's Summary Judgment Brief at 8-9. The problem with this reasoning is that plaintiff Sherman equates a finding of entrustment with the issue of whether Worcester had a "sufficient reason to believe" that he had permission from Bauer to drive the vehicle. The two cannot be reconciled. While the *Worcester* court's finding of entrustment examined the actions of Bauer, the Mid-Century policy

8

language in this case addresses the perspective of Michael Worcester and whether he thought he had permission. As stated previously, Worcester could not have a "sufficient reason to believe" that Bauer gave him permission when he and Bauer both stated that he was expressly denied permission to drive. *See Phifer v. Progressive Insurance Co.*, 547 So.2d 875, 876 (Ala. 1989) (finding it "clear that [the owner] refused to give permission," and the act of leaving "the keys in the ignition simply does not overcome her express denial of permission").

Lastly, plaintiff Sherman argues that the court should apply the "benefit test," which "finds coverage for a second permittee where the first permittee was expressly prohibited from allowing others to drive the vehicle." *Nationwide Mutual Insurance Co. v. Shanklin*, 197 F.Supp.2d 1338, 1344 (M.D. Ala. 2002). Plaintiff Sherman states that the second circumstance of the benefit test is applicable in this case: finding coverage "where the first permittee violates the restrictions to the knowledge of the named insured who makes no significant protest." *Id.* Applying the facts to this exception, plaintiff Sherman asserts that Bauer was aware that Worcester was driving his car, and he never expressed displeasure that Worcester was driving the car. Sherman Decl., Exhibit A to Plaintiff's Summary Judgment. Despite plaintiff Sherman's contention, this benefit test cannot overcome the fact that Johnson, Worcester, and Bauer all agreed that Worcester was never permitted to use Bauer's

9

vehicle. Bauer Decl., ¶ 7, Exhibit 3 to Defendants' Reply; Duett Decl., Brandy Johnson Interview, Exhibit 3 to Defendants' Summary Judgment; Duett Decl., Michael Worcester Interview, Exhibit 3 to Defendants' Summary Judgment. Worcester's lack of a "sufficient reason to believe" that he had permission from Bauer mandates a finding that Worcester is not an "insured person" under the policy, and therefore, defendants owe no obligation to pay the judgment to plaintiff Sherman.

## V. Conclusion

Having considered the foregoing and finding that plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial on her claim against defendants, the court **ORDERS** that plaintiff's motion for summary judgment (doc. 27) be and hereby is **DENIED** and defendants' motion for summary judgment (doc. 28) be and hereby is **GRANTED**. The court shall so rule by separate Order.

**DONE** and **ORDERED** this 2nd day of June, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE